UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUSTEES OF THE IRON WORKERS' LOCAL NO. 25 PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> METRO ELEVATOR COMPANY, INC., <br><br> Defendant. | ) ) ) ) ) ) ) No. 1:24-mc-00021-SEB-KMB ) ) ) ) ) |

**ORDER GRANTING PART AND DENYING IN PART
VERIFIED MOTION FOR PROCEEDINGS SUPPLEMENTAL**

Presently pending before the Court is the Plaintiffs' Verified Motion for Proceedings Supplemental. [Dkt. 6.] As explained below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

On April 8, 2024, the Plaintiffs, which include the Trustees of the Iron Workers' Local No. 25 Pension Fund and four additional iron worker benefit funds, registered a foreign judgment in this Court that had been issued by the United States District Court for the Eastern District of Michigan under Case No. 23-10491 on July 18, 2023. ("Eastern District Order"). [Dkt. 1.] The Eastern District Order granted the Plaintiffs' motion for default judgment and awarded them $73,528.89 on their claims against Defendant Metro Elevator Company, Inc. ("Metro Elevator"). [*Id.*]

On April 22, 2024, the Plaintiffs filed the instant Verified Motion for Proceedings Supplemental. [Dkt. 6.] The motion identified Metro Elevator as the Judgment Defendant and Horizon Bank as a Garnishee Defendant. [*Id.*] In the motion, the Plaintiffs request that Metro Elevator, through its president Charles Ernstes, II, be ordered to appear before the Court to

answer questions about the company's non-exempt property and earnings subject to execution. [*Id.* at ¶ 7.] They also request that Horizon Bank be ordered to answer the interrogatories at dkt. 6-3 and that Horizon Bank issue and return those interrogatories to the Court. [*Id.* at ¶ 9.] Finally, the Plaintiffs request that the Court issue an appropriate order to apply Metro Elevator's non-exempt property or earnings to the judgement after holding the in-person hearing and receiving Horizon Bank's answers to the interrogatories. [*Id.*]

## II.  LEGAL STANDARD

"Proceedings supplementary to execution are remedial actions authorized by statute. They enable creditors to enforce money judgments against non-paying debtors." *Garner v. Kempf*, 93 N.E.3d 1091, 1095 (Ind. 2018) (internal citation omitted).  Under Federal Rule of Civil Procedure 69, "proceedings supplementary to and in aid of judgment or execution" of a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).  Furthermore, the judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

As this case is pending in the United States District Court for the Southern District of Indiana, Indiana Trial Rule 69(E) governs any proceedings supplemental to aid in enforcement. Indiana Trial Rule 69(E) provides:

> (E) **Proceedings Supplemental to Execution**.  Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:
>
> (1) that the plaintiff owns the described judgment against the defendant;
>
> (2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;

> (3) that the defendant be ordered to appear before the court to answer as to his nonexempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,
>
> (4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.
>
> If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both.
>
> The motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4. The date fixed for appearance and hearing or answer to interrogatories shall be not less than twenty [20] days after service. No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution. In aid of the judgment or execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental.

Ind. R. Trial P. 69(E).

"A court's sole objective in conducting proceedings supplemental is 'determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment.'" *Garner*, 93 N.E.3d at 1095 (quoting *Prime Mortgage USA, Inc.*, 885 N.E.2d 628, 668 (Ind. Ct. App. 2008)).

A judgment creditor who has obtained a money or property judgment in one federal district may initiate proceedings supplemental in another federal district by filing a certified copy of the judgment in the federal district court where the judgment creditor seeks to enforce the judgment

3

once the judgment has become final by appeal or expiration of the time for appeal. 28 U.S.C. § 1963; *see also GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 623-24 (7th Cir. 2013).

### III. DISCUSSION

The Plaintiffs ask that Metro Elevator, by its President Charles Ernstes, II, be ordered to appear for an in-person hearing to answer as to the company's non-exempt property or earnings subject to execution and proceedings supplemental to execution. [Dkt. 6 at ¶ 7.] This request is **GRANTED IN PART**. The Plaintiffs, by counsel, and Metro Elevator, by counsel and by its agent, **SHALL APPEAR** for an **in-person hearing** at the following time and location:

**July 8, 2024, at 11:00 a.m. (Eastern)**
**United States Courthouse, Room 243**
**46 E. Ohio Street, Indianapolis, IN 46202**

Metro Elevator's agent shall be its President, Charles Ernstes, II, or any other agent or employee with sufficient knowledge of the company's income, assets, profits, and other non-exempt property to answer relevant questions at the hearing.

The Plaintiffs ask that Horizon Bank be ordered to answer the interrogatories at dkt. 6-3 and that Horizon Bank answer the interrogatories and return such answers to the Court. [Dkt. 6 at ¶ 9.] This motion is **GRANTED IN PART**. The rules governing both federal and state proceedings supplemental allow use of the usual methods of discovery. *See* Fed. R. Civ. P. 69(a)(2); Ind. R. Trial. P. 69(E). Metro Elevator may therefore serve Horizon Bank with interrogatories relevant to the proceedings supplemental. Horizon Bank shall answer and return those interrogatories to the Plaintiffs within 30 days of service. *See* Fed. R. Civ. P. 33(b)(2).

The Plaintiffs ask the Court to issue an appropriate order to apply Metro Elevator's non-exempt property to the judgment after it holds a hearing and receives Horizon Bank's answers to

4

interrogatories. This request is **DENIED WITHOUT PREJUDICE** as premature. The Plaintiffs may renew their request following the hearing as set above.

## IV.  CONCLUSION

The Plaintiffs' Verified Motion for Proceedings Supplemental, [dkt. 6], is **GRANTED IN PART** and **DENIED IN PART** as outlined above.

This matter is set for an in-person hearing on **July 8, 2024, at 11:00 a.m. (Eastern)** at the United States Courthouse, **Room 243**, 46 E. Ohio St., Indianapolis, IN, 46204. The Plaintiffs shall appear by counsel. Metro Elevator shall appear by counsel and by its agent, either its President Charles Ernstes, II or another agent or employe with sufficient knowledge of the company's income, assets, profits, and other non-exempt property to answer relevant questions at the hearing. Horizon Bank is not required to attend the in-person hearing but must answer the Plaintiffs' interrogatories in a manner consistent with the Federal Rules of Civil Procedure and this Court's Local Rules.

The Plaintiffs are **ORDERED** to serve a copy of this Order, their Verified Motion for Proceedings Supplemental to Execution [Dkt. 6], and the Eastern District Order and certification [Dkt. 1], on Metro Elevator and Horizon Bank **within 7 days of the issuance of this Order**.

The **CLERK SHALL** add "Horizon Bank" as a Garnishee Defendant on the docket.

**So ORDERED**.

Date: 5/7/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email